Filed 10/23/25  P. v. Chapman CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOSEPH ROBERT CHAPMAN,<br><br>Defendant and Appellant. | F088050<br><br>(Super. Ct. No. CR-19-004885)<br><br>**OPINION** |

-ooOoo-

APPEAL from an order of the Superior Court of Stanislaus County.  Dawna Reeves, Judge.

Jean M. Marinovich, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Eric L. Christoffersen and Hannah Janigian Chavez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

A jury found defendant Joseph Robert Chapman guilty of murder while engaged in the commission of sodomy and attempted rape, and the trial court sentenced him to life in prison without the possibility of parole. We affirmed his conviction on appeal. Thereafter, defendant filed a motion for postconviction discovery and to compel his former counsel to turn over his client file. The trial court granted defendant's motion for discovery in part but concluded that it did not have authority to compel defense counsel to turn over defendant's client file and denied that motion. Defendant now appeals the trial court's denial of his motion to compel defense counsel to turn over defendant's client file. We conclude that the trial court's order is not appealable but will treat his purported appeal as a petition for writ of mandate. However, we conclude that the trial court properly denied defendant's motion and deny the petition for writ of mandate.

## PROCEDURAL BACKGROUND[1]

The Stanislaus County District Attorney filed an information on June 21, 2021, charging defendant with murder (Pen. Code, § 187, subd. (a);[2] count 1), committed while engaged in the commission of sodomy and the attempted commission of rape (§ 190.2, subd. (a)(17)(C), (D)), and also alleging that defendant had been released on bail pending judgment as to two separate felony offenses when he committed the murder (§ 12022.1). A jury convicted defendant of murder and found true all special circumstances on April 25, 2022, after a 15-day trial. The trial court then granted the prosecutor's motion to strike the section 12022.1 enhancements, which had been bifurcated. The trial court sentenced defendant to life in prison without the possibility of parole.

---

[1]     Defendant's appeal raises only a single issue relating to whether the trial court erred in denying his motion to compel the production of his client file from former counsel. Therefore, we dispense with a recitation of the facts in this case.

[2]     Undesignated statutory references are to the Penal Code.

Defendant appealed on May 26, 2022, arguing that the trial court abused its discretion in admitting into evidence a trial witness's text messages as prior inconsistent statements and that the evidence was not sufficient to prove that defendant committed murder during the course of an attempted rape. We rejected defendant's arguments and affirmed the judgment. (*People v. Chapman* (Oct. 31, 2023, F084440) [nonpub. opn.])

Defendant filed a motion for discovery pursuant to section 1054.9 on October 30, 2023, in anticipation of filing a petition for a writ of habeas corpus and requested approximately 34 items of discovery from the prosecutor. Defendant provided exhibits in support of his motion that included (1) a letter from his appellate counsel to his former counsel, Perry & Associates, requesting the production of defendant's client file, (2) a follow-up letter to the State Bar from defendant reflecting that the State Bar contacted Perry & Associates and directed it to contact defendant regarding his client file,[3] and (3) a letter from the State Bar indicating that defendant's complaint against Perry & Associates had been assigned for investigation.

The trial court ordered the prosecutor to file an informal response to defendant's motion. Defendant then filed a petition for writ of habeas corpus on November 7, 2023, seeking appointment of counsel pursuant to section 1405, subdivision (b)(1) to assist in preparation of a motion for DNA testing. On January 18, 2024, the trial court appointed counsel for defendant for the limited purpose of section 1405, subdivision (b)(1) only.

The prosecutor responded to defendant's discovery motion on December 29, 2023. Defendant replied to the response on February 1, 2024, and then, on April 30, 2024, filed an amended motion for discovery and a motion to compel the court to rule on his pending motions.

---

[3] According to the letter, former counsel had previously provided only portions of defendant's client file and had not timely complied with the State Bar's instruction.

Additionally, defendant filed a motion to compel Perry & Associates, the Stanislaus County Public Defender, and the Stanislaus County Alternate Defender to turn over his client files.[4]  According to defendant's motion, the Stanislaus County Public Defender received discovery on his behalf before Perry & Associates was appointed to represent him.  Defendant attempted to obtain the materials from Perry & Associates, and when he was unsuccessful, he requested the materials from the Stanislaus County Public Defender but received no response.  Defendant thereafter enlisted the assistance of the State Bar to obtain files from Perry & Associates, but the materials received were not complete, and Perry & Associates advised that they had provided the materials to the Stanislaus County Alternate Defender.  Defendant sent a letter to the Stanislaus County Alternate Defender requesting his client file but received no response.

The trial court denied defendant's motion to compel production of his client files on April 30, 2024.  Although section 1054.9, subdivision (g) instructs trial counsel to retain a former client's files for the length of the former client's sentence, the trial court found that the statute failed to provide authority to compel counsel to produce them.  Section 1054.9 requires a defendant to first attempt to obtain his files from his former counsel and, if such files are incomplete, permits the court to order the prosecutor to provide copies of missing discovery materials.  The court then reviewed defendant's discovery request, granted it in part, and directed the prosecutor to provide specific items.

Defendant filed a timely notice of appeal on May 14, 2024.[5]

---

[4]     The motion was received by the court on January 2, 2024, and ordered filed by the trial court nunc pro tunc on January 22, 2025.

[5]     Defendant filed one notice of appeal challenging the denial of his motion to compel and a separate notice of appeal challenging the denial of his motion for discovery.  However, defendant's opening brief addresses only the motion to compel production of his client file and limits his arguments to denial of the motion as to the Stanislaus County Alternate Defender.

# DISCUSSION

## I. Defendant's appeal of a nonappealable order shall be treated as a petition for writ of mandate.

At the outset, the People argue that defendant's claim is procedurally barred because it was not raised in a petition for writ of mandate. The People properly assert that a trial court's ruling on a section 1054.9 motion should be challenged by filing a petition for writ of mandate. (*In re Steele* (2004) 32 Cal.4th 682, 692 ["after the trial court has ruled, either party may challenge that ruling by a petition for writ of mandate in the Court of Appeal"].) In his reply brief, defendant requests that we construe the appeal as a petition for writ of mandate. The People argue that even if the appeal is construed as a petition for writ of mandate, section 1054.9 does not confer jurisdiction on the trial court to compel the Stanislaus County Alternate Defender to provide defendant the client file.

As we explain below, although we agree with the People that the instant order is not appealable, the substantive merits have "been thoroughly briefed and argued," therefore it would be " ' "unnecessarily dilatory and circuitous" ' " to "dismiss the appeal rather than exercising our power to reach the merits through a mandate proceeding." (*Olson v. Cory* (1983) 35 Cal.3d 390, 401; see also *Shrewsbury Management, Inc. v. Superior Court* (2019) 32 Cal.App.5th 1213, 1221–1222.) In the interest of judicial economy, we treat defendant's purported appeal as a petition for writ of mandate and address his claim. However, having examined the merits, we conclude that the order was properly denied and will deny the petition for writ of mandate for the reasons below.

## II. Section 1054.9 does not provide the trial court jurisdiction over defendant's former counsel.

### A. Background of Section 1054.9

Defendant argues that section 1054.9 and Code of Civil Procedure section 187 provide the trial court jurisdiction to compel his former attorneys to turn over his client files. To address this claim, we first review the legislative history of section 1054.9.

### (1) Enactment (Stats. 2002, ch. 1105, § 1)

Effective January 1, 2003, the Legislature added former section 1054.9 by enacting Senate Bill No. 1391 (2001–2002 Reg. Sess.) to address postconviction discovery. (Stats. 2002, ch. 1105, § 1.) As explained by the Legislative Counsel: "Under existing law, pretrial discovery in criminal cases is governed by a detailed statutory scheme, but discovery issues in postconviction habeas corpus proceedings are decided largely on a case-by-case basis. [¶] This bill would require that discovery materials to which a defendant would have been entitled at the time of trial be made reasonably accessible to the defendant if he or she has been sentenced to death or life in prison without the possibility of parole and files a specified motion or writ of habeas corpus that makes a specified showing." (Legis. Counsel's Dig., Sen. Bill No. 1391, 6 Stats. 2002, (2001–2002 Reg. Sess.) Summary Dig., p. 509.) Upon prosecution of a postconviction writ of habeas corpus or motion to vacate sentence by a defendant who received a sentence of death or life imprisonment without the possibility of parole, the court could order the prosecution to provide the defendant reasonable access to discovery materials if the defendant made a good faith effort to first obtain the materials from trial counsel. (Former § 1054.9, subds. (a), (b), as added by Stats. 2002, ch. 1105, § 1.) "Discovery materials" was defined as "materials in the possession of the prosecution and law enforcement authorities to which the same defendant would have been entitled at time of trial." (Former § 1054.9, subd. (b), as added by Stats. 2002, ch. 1105, § 1.)

Our Supreme Court interpreted former section 1054.9 to permit a defendant to obtain discovery while preparing a petition for habeas corpus and not just in cases where the defendant had already filed it. (*In re Steele, supra*, 32 Cal.4th at p. 691.) The court also acknowledged that one purpose of the statute was to permit defendants to reobtain items they once possessed but have lost. (*Id.* at p. 693.)

In construing the term "discovery," our Supreme Court held that it referred to materials in the possession of the prosecution and materials defendant would have been entitled to at the time of trial but does not currently possess. (*In re Steele, supra*, 32 Cal.4th at p. 695.) These materials include: (1) those the prosecution provided at trial but that the defendant can show have since been lost; (2) those to which the defendant was actually entitled at the time of trial but did not receive, either because they were within the scope of the trial court's discovery order, a statutory duty to provide, or the constitutional duty to disclose exculpatory evidence; (3) those that the prosecution were obligated to provide because defense specifically requested them and was entitled to receive them; and (4) those the prosecution would have been obligated to provide had there been a specific defense request at trial, but was not actually obligated to provide because no such request was made.[6] (*In re Steele*, at pp. 695–696.)

Our Supreme Court also explained that the reason for section 1054.9, subdivision (a)'s requirement of a defendant's "good faith effort" to obtain the materials from trial counsel before moving for discovery "is not difficult to discern—to prevent defendants from clogging the courts with requests to obtain materials they could simply get from trial counsel. The requirement does not modify the definition of discovery materials contained in subdivision (b) of that section." (*In re Steele, supra*, 32 Cal.4th at pp. 693–694.)

---

[6] Discovery obligations extend to all such materials in the possession of the prosecution, investigating law enforcement agencies, and persons or agencies which the prosecuting attorney or investigating agency employed to assist them. (*In re Steele, supra*, 32 Cal.4th at p. 696.)

Our Supreme Court interpreted former section 1054.9 again in *Barnett v. Superior Court* (2010) 50 Cal.4th 890 (*Barnett*) to address whether defendants had the burden to show that the requested discovery materials actually exist and are material, and whether section 1054.9 applies to discovery materials possessed by out-of-state agencies. (*Barnett*, at p. 897.) Our Supreme Court recognized that the legislative history of section 1054.9 demonstrates that "the Legislature's main purpose was to enable defendants efficiently to reconstruct defense attorneys' trial files that might have become lost or destroyed after trial" and noted a "discussion [that] appears repeatedly in committee reports and other legislative history materials: [¶] 'According to the sponsor, "The problem that occurs all too often is this: a defendant's files are lost or destroyed after trial and habeas counsel is unable to obtain the original documents because the State has no legal obligation to provide them absent a court order." ' " (*Barnett*, at pp. 897–898.) " ' "Currently, as expressed in *People v. Gonzalez* (1990) 51 Cal.3d 1179, habeas corpus counsel is required to establish all of the elements of a claim for habeas corpus relief before the court will entertain a motion to provide such original documents …. If habeas counsel cannot obtain the documents needed to meet this threshold showing because trial counsel's files have been lost or destroyed, the injustice is clear. The existing remedy, as discussed in *Gonzalez*, is woefully inadequate in cases where a defendant's file, through no fault of their own, no longer exists. The purpose of this bill is to provide a reasonable avenue for habeas counsel to obtain documents to which trial counsel was already legally entitled." ' (E.g., Assem. Com. on Public Safety, Analysis of Sen. Bill No. 1391 (2001–2002 Reg. Sess.) as amended Apr. 10, 2002, p. 3.)" (*Id.* at p. 898.)

*Barnett* described the procedure created by section 1054.9: "Defendants should first seek to obtain their trial files from trial counsel. But if a defendant can show a legitimate reason for believing trial counsel's current files are incomplete," defendant

should work with the prosecution to secure the materials and, if necessary, obtain an order from the trial court.  (*Barnett, supra*, 50 Cal.4th at p. 898.)

### (2)     Amendment (Stats. 2018, ch. 482, § 2)

As originally introduced on February 1, 2018, Assembly Bill No. 1987 (2017–2018 Reg. Sess.) (Assembly Bill 1987) sought to amend section 1054.9 to expand a defendant's right to access discovery to those convicted of a serious or violent felony, who were sentenced to 15 years or more, or convicted of certain other specified crimes. (Legis. Counsel's Dig., Assem. Bill No. 1987 (2017–2018 Reg. Sess.) as introduced Feb. 1, 2018.)  Thereafter, Assembly Bill 1987 was amended to additionally require that the attorney retain a copy of defendant's client files for the term of defendant's imprisonment.  (Legis. Counsel's Dig., Assem. Bill No. 1987 (2017–2018 Reg. Sess.) as amended in Assem. Apr. 4, 2018.)  "This bill seeks to appropriately balance the burdens of both the prosecutor and the defense attorney in maintaining files.  Requiring defense attorneys to maintain their client files for the duration of the client's imprisonment when he or she was sentenced to 15 years or more is reasonable, and consistent with California ethics rules."[7]  (Assem. Com. on Public Safety, Analysis of Assem. Bill No. 1987 (2017–2018 Reg. Sess.) as amended Apr. 4, 2018, p. 3.)

As explained by the California Innocence Coalition sponsoring the bill, while working on postconviction matters for pro bono clients, "We strive to gather all of the documents in the case by reaching out to defense counsel, appellate counsel and the inmate, but there are often situations where the trial files have been destroyed, lost, or [are] incomplete.…  [Assembly Bill] 1987 proposes legislation to ensure the maintenance of the discovery by the defense, enforces a good faith effort by the defendant to obtain it,

---

[7]     The California State Bar Standing Committee on Professional Responsibility and Conduct provided guidance on an attorney's client file retention responsibilities, which advised in part:  "The Committee concludes that client files in criminal matters should not be destroyed without the former client's express consent while the former client is alive."  (The State Bar of Cal., Formal Opn. No. 2001-157, p. 7.)

and if all that fails, access to it through district attorney offices."  (Assem. Com. on Public Safety, Analysis of Assem. Bill No. 1987, *supra*, as amended Apr. 4, 2018, p. 4.) Assembly Bill 1987 was subsequently amended to move trial counsel's obligation to retain a former client's files to section 6068 of the Business and Professions Code, which sets forth other duties owed by an attorney.  (Legis. Counsel's Dig., Assem. Bill No. 1987 (2017–2018 Reg. Sess.) as amended in Assem. Apr. 18, 2018.)

The Senate amended Assembly Bill 1987 to add:  "The Legislature finds and declares that post-conviction discovery promotes the fair administration of justice in seeking to assure that innocent persons do not remain unjustly incarcerated and that the availability and integrity of a client's file in such cases are necessary to the accomplishment of this important public protection objection."  (Sen. Amend. to Assem. Bill No. 1987 (2017–2018 Reg. Sess.) Aug. 23, 2018, § 1 (Senate Amendment).)  The Senate amendment also returned the trial counsel's file retention provision to section 1054.9, made the amendments to section 1054.9 prospective only, and added a provision requesting the State Bar to study the issue of closed-client file release and retention by defense attorneys and prosecutors.  (Sen. Amend., *supra*, §§ 2, 3; see Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill. No. 1987 (2017–2018 Reg. Sess.) as amended Aug. 23, 2018, p. 1; Concurrence in Sen. Amends. to Assem. Bill No. 1987 (2017–2018 Reg. Sess.) as amended Aug. 23, 2018, p. 1.)  As to the latter provision, section 3 directs the State Bar to ascertain whether the Rules of Professional Conduct were clear as to the attorney's duties related to file release and retention upon finality of the case or termination of the attorney-client relationship and

whether to issue advisory ethics opinions[8] to ensure the duties were evident or consider adopting a new or amended rule of professional conduct.[9]  (Sen. Amend., *supra*, § 3.)

The Senate passed Assembly Bill 1987 as amended, the Assembly concurred in the Senate Amendments, and the Governor approved it on September 18, 2018.  (Sen. Daily Journal (2017–2018 Reg. Sess.) p. 5911; Concurrence in Sen. Amends. to Assem. Bill No. 1987, *supra*, p. 1; 2 Assem. Final Hist. (2017–2018 Reg. Sess.) p. 1312; Stats. 2018, ch. 482, § 2.)

---

[8]     As recently as May 25, 2025, the State Bar solicited public comment regarding Proposed Formal Opinion Interim No. 19-0004 (Client File Release and Retention Duties) to reconsider an attorney's client file retention duties and, as to criminal cases, would provide:  "In closed criminal matters, absent an agreement to the contrary, client files should not be destroyed without a client's express consent while the client is alive.  [S]ection 1054.9 requires trial counsel to retain a copy of a client's files for the term of imprisonment where the client is convicted of a serious or violent felony resulting in a sentence of 15 years or more.  [Citation.]  Section 1054.9, however, concerns a criminal defendant's access to discovery materials post-conviction in certain cases and does not address or govern a lawyer's ethical obligations with respect to closed client files.  Because files relating to criminal matters may have future vitality even without a conviction, and even after judgment, sentence, and appeals, absent a contrary agreement or client consent, a lawyer should retain the files for the life of the client."  (The State Bar of Cal. Proposed Formal Opn. Interim No. 19-0004 (Client File Release and Retention Duties) <https://www.calbar.ca.gov/About-Us/Our-Mission/Protecting-the-Public/Public-Comment/Public-Comment-Archives/2025-Public-Comment/Proposed-Formal-Opinion-Interim-No-19-0004-Client-File-Release-and-Retention-Duties> [as of Oct. 23, 2025], archived at <https://perma.cc/8RQW-KPSJ>.)

[9]     California Rules of Professional Conduct, rules 1.16 (Declining or Terminating Representation) and 3.8 (Special Responsibilities of a Prosecutor) were amended effective June 1, 2020, as a result of Assembly Bill 1987's amendment to section 1054.9.  (The State Bar of Cal. Ethics News Archive <https://www.calbar.ca.gov/Attorneys/Conduct-Discipline/Ethics/Publications/Ethics-News-Archive> [as of Oct. 23, 2025], archived at <https://perma.cc/WKC2-C85M>.)  The Committee on Professional Responsibility and Conduct studied the issue and recommended the amendments, which were approved by the Board of Trustees, filed with the Supreme Court, and approved by the Supreme Court on April 23, 2020.  (*Ibid.*)  New sentences were added to each rule's comment section, referencing the file retention duties of prosecutors (should the court issue a preservation order) and section 1054.9 (applicable to defense counsel).  (The State Bar of Cal. Ethics News Archive, *supra*, <https://perma.cc/WKC2-C85M> [as of Oct. 23, 2025].)

### (3) Amendment (Stats. 2019, ch. 483, § 1)

The following year, section 1054.9 was amended again to clarify that the client file retention provision was prospective only, but that section 1054.9 was otherwise applicable to any defendant serving more than 15 years in prison no matter the date of conviction. (§ 1054.9, subds. (a), (j), as amended by Stats. 2019, ch. 483, § 1) As amended in 2019 and effective January 1, 2020, section 1054.9 provides that the court shall order (with certain exceptions not applicable here) that a defendant who has been convicted of a serious or violent felony and sentenced to at least 15 years be provided reasonable access to discovery materials (defined as materials possessed by the prosecution and law enforcement to which the defendant would have been entitled at the time of trial) if the defendant shows good faith efforts to first obtain such materials from trial counsel were made and unsuccessful. (§ 1054.9, subds. (a), (c).) Trial counsel shall retain a copy of a former client's files for the term of that client's imprisonment. (§ 1054.9, subd. (g).)

### (4) Amendment (Stats. 2025, ch. 444, § 1)

Effective January 1, 2026, section 1054.9 will be amended to expand its application to any defendant sentenced to a prison term, eliminate the requirement that the defendant first attempt to obtain discovery materials from their attorneys, and broaden the definition of discovery materials to include materials a defendant would be entitled to today (even if not discoverable at the time of the original trial), exculpatory evidence, and the prosecutor's jury selection notes. (Stats. 2025, ch. 444, § 1; Legis. Counsel's Dig., Assem. Bill No. 1036 (2025–2026 Reg. Sess.) as introduced Feb. 20, 2025.) According to one of the bill's sponsors, "[t]he existing requirement for petitioners to prove they attempted to obtain materials from trial counsel before petitioning the court often proves burdensome and inequitable," and eliminating it "opens access to the full range of materials that could potentially exonerate a person, including critical exculpatory evidence, newly discovered mitigating information, and even jury selection notes. These

materials are often pivotal to revealing the truth in cases of wrongful conviction, and their availability is crucial for a just and fair process." (Assem. Floor Analysis, 3d reading analysis of Assem. Bill No. 1036 (2025–2026 Reg. Sess.) as amended May 23, 2025, pp. 2–3.)

Additionally, the bill will amend section 1054.9, subdivision (g) to require trial counsel to retain digital copies of every item in a client's file for the term of the client's imprisonment as to all criminal convictions resulting in a prison sentence on or after July 1, 2026. (Stats. 2025, ch. 444, § 1.)

## B. Analysis

We first note that section 1054.9 deals only with obtaining discovery, defined in terms of specific information held by the prosecution and related agencies, from the prosecutor or related investigative agencies. (See § 1054.9, subds. (a) [the court shall "order that the defendant be provided reasonable access to any of *the materials described in* [*section 1054.9,*] *subdivision (c)*" (italics added)], (c) [" 'discovery materials' means materials in the possession of the prosecution and law enforcement authorities"].) Our Supreme Court addressed the scope of section 1054.9 and whether its provisions applied to evidence held by the court in *Satele v. Superior Court* (2019) 7 Cal.5th 852 (*Satele*). Recognizing that the statute partially abrogated the general rule that a person seeking habeas corpus relief from a judgment of death is not entitled to postconviction discovery until a court issues an order to show cause, the court characterized the statute as authorizing discovery of materials, including physical evidence, to facilitate the prosecution of a habeas corpus petition or motion to vacate the judgment. (*Id.* at p. 857.) If a defendant shows good faith but unsuccessful efforts to obtain discovery materials from trial counsel, the court shall order that the defendant " 'be provided reasonable access to any of the materials described in [section 1054.9,] subdivision (c)' " and " 'is entitled to discovery,' " which is defined, in part, as " 'materials in the possession of the prosecution and law enforcement authorities.' " (*Id.* at p. 858.)

13.

In addressing whether the good cause requirement of section 1054.9, subdivision (a) applies only to materials possessed by the prosecution and law enforcement authorities or whether it also applies to physical evidence held by a court clerk, our Supreme Court noted that the word "discovery" was used consistently throughout section 1054.9 and is "generally understood to mean an exchange of information among the parties to an action." (*Satele, supra*, 7 Cal.5th at p. 859.) Because "[t]he trial court and its clerk are not parties to the criminal action" (*id.* at pp. 859–860), section 1054.9, subdivision (a) does not apply to evidence possessed by the court clerk.

While section 1054.9, subdivision (g) requires trial counsel to retain a defendant's client file, section 1054.9, subdivision (a) only authorizes the trial court to order discovery from the prosecution if the defendant was unsuccessful in obtaining discovery from his attorney. It does not authorize the trial court to compel a defendant's current or former trial counsel to turn over the defendant's file, which presumably includes more than just discovery. Furthermore, a defendant's former attorneys are not parties to a habeas corpus petition nor a postconviction discovery motion pursuant to section 1054.9. Therefore, the court's reasoning in *Satele*, while not directly on point, strongly suggests that section 1054.9 does not authorize the trial court to compel defendant's former counsel to turn over client files after judgment when the criminal case has been closed.

Defendant argues that section 1054.9, subdivision (g) establishes a defense counsel's obligation to retain a defendant's client file, and Code of Civil Procedure, section 187 provides the inherent power to issue an order to enforce the right established by section 1054.9, subdivision (g). Code of Civil Procedure section 187 provides: "When jurisdiction is … conferred on a Court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of proceeding be not specifically pointed out by this Code or the statute, any suitable

14.

process or mode of proceeding may be adopted which may appear most conformable to the spirit of this Code."

Defendant finds support for his argument in *People v. Superior Court (Morales)* (2017) 2 Cal.5th 523, a case in which our Supreme Court found that because section 1054.9 provides the trial court jurisdiction "to grant postconviction discovery to the extent consistent with the statute," Code of Civil Procedure section 187 provides the court the inherent power to issue orders for the preservation of that evidence pending the filing of such a motion. (*People v. Superior Court (Morales)*, at p. 534.) However, in that case, the trial court had jurisdiction to order the prosecution to provide "discovery" and issued the preservation order to the prosecution, the party to which a section 1054.9 postconviction discovery motion would be directed. (*People v. Superior Court (Morales)*, at pp. 527–528, 534.) Here, however, section 1054.9 requires defense counsel to retain the client file (containing far more than just the discovery originally provided by the prosecution) but does not authorize the trial court to make any order regarding the duties owed by former counsel to defendant, and defendant's former attorneys are not parties to proceedings pursuant to section 1054.9, subdivision (a).

Defendant argues that *Satele* supports his argument that the trial court has authority to compel former defense counsel to turn over his client file. After determining that section 1054.9 did not govern Satele's request for examination of physical evidence in the custody of the court, our Supreme Court noted that section 1417 requires the clerk of the court to establish a procedure to account for the exhibits in all criminal cases until the final determination of the action. (*Satele, supra*, 7 Cal.5th at p. 860.) Given that the public has a right of access to the courts (Cal. Rules of Court, rule 2.550(c)), the trial court's inherent supervisory powers over its own records and files permits it to fashion an order to permit defendant access to its exhibits without having to satisfy section 1054.9's good cause requirement. (*Satele*, at pp. 860–861.) However, we do not agree that section 1054.9 provides the court inherent authority to compel former defense counsel to

15.

turn over defendant's client file. It directs defense counsel to retain such files, but neither section 1054.9, subdivision (g) nor any other subdivision of the statute authorizes action by the trial court regarding the client files.

We note also that the Legislature, in 2018, enacted Assembly Bill 1987 with a request to the State Bar to study the issue of closed-client file release and retention by defense attorneys rather than adding any enforcement provision to section 1054.9 addressed to defense attorneys. (Stats. 2018, ch. 482, § 3.) This directive, along with the Legislature's decision not to include former defense counsel as a party subject to a court's postconviction discovery order, lead us to conclude that section 1054.9 was not intended to provide an avenue for a defendant to compel client files from defense counsel. Defendant in this case had previously contacted the State Bar and obtained client files from one former defense counsel, but the record fails to show similar contacts regarding the Stanislaus County Alternate Defender. Additionally, the State Bar has created a Public Trust Liaison that "receives inquiries, responds to questions and concerns brought by members of the public that remain unresolved through other channels, and investigates to ensure proper procedures were followed." (The State Bar of Cal. Public Trust Liaison <https://www.calbar.ca.gov/Public/Public-Trust-Liaison> [as of Oct. 23, 2025], archived at <https://perma.cc/C4NQ-TQZH>.) The Public Trust Liaison has also established the Attorney-Client Bridge Program, "ensuring that clients receive clear responses from current attorneys and that case files are returned smoothly once the attorney-client relationship has ended." (The State Bar of Cal. Public Trust Liaison <https:// www.calbar.ca.gov/Public/Public-Trust-Liaison/Attorney-Client-Bridge-Program> [as of Oct. 23, 2025>, archived at <https://perma.cc/NWR5-5JG6>.) If such efforts are unsuccessful, as the People have noted, defendant can file a complaint with the State Bar (see, e.g., *Rose v. State Bar* (1989) 49 Cal.3d 646, 653–655) or a civil action against former counsel (see, e.g., *White v. Molfetta* (2021) 64 Cal.App.5th 628).

As the purpose of section 1054.9 is to ensure defendant a procedure to compel access to postconviction discovery only from the prosecution and imposes only a file retention duty upon defense counsel, we conclude section 1054.9 does not authorize the trial court to compel former defense counsel to turn over defendant's client files.

## DISPOSITION

This appeal from a nonappealable order is dismissed. Having treated the appeal as a petition for a writ of mandate, we deny the petition.

HILL, P. J.

WE CONCUR:

DETJEN, J.

PEÑA, J.